**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES L. VANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:08-CV-154 |
| COOPER STANDARD AUTOMOTIVE, a/k/a COOPER-STANDARD AUTOMOTIVE, INC., | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was removed to this Court from the DeKalb Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) On July 2, 2008, and again on August 18, 2008, Plaintiff was directed to file a supplemental jurisdictional statement, articulating his citizenship at the time of the filing of the Complaint. (Docket # 11, 15.) Plaintiff filed statements on both August 14, 2008, and August 25, 2008, stating that Plaintiff is "an American citizen" and "was a resident of the State of Indiana at all material times to his Complaint." (Docket # 14, 16.)

Plaintiff's supplemental statements are inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

"It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, Plaintiff is ORDERED to supplement the record forthwith by filing a straightforward statement that articulates his state citizenship on May 12, 2008, the date that he filed his Complaint.

SO ORDERED.

Enter for this 25th day of August, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge